IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
VALDOSTA DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA,** : | |
| : | |
| v.  : | **CASE NO: 7:24-cr-22 (WLS-TQL)** |
| : | |
| **TYLER ADAM KELLEY,** : | |
| : | |
| **Defendant.** : | |
| _____ : | |

## ORDER

     Before the Court is Defendant's Unopposed Motion for Continuance in the Interests of Justice (Doc. 20). Therein, Defendant asks the Court to continue the pretrial conference in this case currently scheduled for September 18, 2024. (*Id.*) Defendant also asks the Court to grant a continuance of the trial in this matter from the October 2024 trial term to the next Valdosta Division trial term. (*Id.*) Defendant states that the Federal Defenders of the Middle District of Georgia, Inc. was appointed to represent him on August 21, 2024, and that Defendant's initial appearance and arraignment also occurred on August 21, 2024. (*Id.*) Defendant's counsel received discovery on August 29, 2024. (*Id.*) Thus, Defendant contends that a continuance is warranted because his counsel will need additional time to review the discovery and discuss the Government's case in chief with Defendant as well as time to investigate, research, and prepare a defense. (*Id.*) Defendant notes that the Government does not oppose his Motion and that the interests of justice served by granting the requested continuance outweigh the best interests of the public and Mr. Kelley in a speedy trial. (*Id.*)

     Defendant requests that the trial in this matter be continued to the next Valdosta Division trial term, which is the November 2024 term. However, given the likelihood that the case would not be ready for trial during that term, the Court construes Defendant's Motion as a motion to continue trial to the Valdosta Division February 2025 trial term. If Defense Counsel disagrees with the Court's interpretation and findings, he shall immediately inform the Court by appropriate motion.

Based on Defendant's stated reasons, the Court finds that a continuance is necessary for Defendant's counsel to effectively prepare for trial. The Court further finds the ends of justice served by granting such a continuance outweigh the best interests of the public and the Defendant in a speedy trial. 18 U.S.C. § 3161(h)(7)(A)-(B). Therefore, Defendant's Motion (Doc. 20) is **GRANTED**. The trial in the above-captioned matter is hereby **CONTINUED** to the Valdosta Division February 2025 term and its conclusion, or as may be otherwise ordered by the Court. Accordingly, the September 18, 2024 pretrial conference is **CANCELLED**.

Furthermore, it is **ORDERED** that the time lost under the Speedy Trial Act, 18 U.S.C. § 3161, be **EXCLUDED** pursuant to 18 U.S.C. § 3161(h)(7) because the Court has continued the trial in this case and finds that the failure to grant a continuance (a) would likely result in a miscarriage of justice, and (b) would deny Defense Counsel the reasonable time necessary for effective preparation, taking into account the exercise of due diligence. *See* 18 U.S.C. § 3161(h)(7)(B)(i), (iv).

**SO ORDERED**, this 16th day of September 2024.

/s/ W. Louis Sands
**W. LOUIS SANDS, SR. JUDGE**
**UNITED STATES DISTRICT COURT**